We thank Council very much for your review. The final matter is to go first, is it Mr. Starr or Mr. Clark? Mr. Clark, I have no doubt that your honors are well versed in the facts, but the facts for the purposes of a dismissal and summary judgment are really not in dispute. He had applied for employment, he had been denied, we got the facts. Yes, this act, the way the EEOC is tortured, 60 days, my understanding is, and correct me if I'm wrong, but the 60th day is like a drop dead day. After the charge, in quotation marks, is filed with the EEOC, you have 60 days after that to bring a lawsuit if you're going to bring one. Is that right or is that not right? You have to let the matter pen before the EEOC for a total of 60 days on that 61st day from a date within which it's time stamped by the EEOC. And having been received, you then have the right to file a federal lawsuit. But if you don't file it then, how much time do you have, from the time you bring your charge, in getting quotation marks, because I know that's the issue here whether or not this is a charge, from the time you file your charge, how much time do you have to file your lawsuit if you're going to file one? Your Honor, any time after 60 days, you can file a charge indefinitely into the future unless the EEOC issues a right to sue letter at which time you'd only have 90 days. This case is administratively different than most proceedings before the EEOC because typically you have an ADA case or a Title VII case where a right to sue is mandatory, which is, I think, where some of the confusion in the citations come from. If I may, Your Honor. Okay. Counsel, Judge Aldis is interrupting here. Somewhere in your argument, I'd like you to discuss the Palawaki case and particularly the argument of counsel before the Supreme Court where apparently the big issue for the court to decide there is what constitutes a charge. Are you familiar with that? Your Honor, I'm only familiar with it very vaguely. I have not read the opinion. I'm only familiar with having read articles about it, so I don't... You can defer to Ms. Starr. Ms. Starr, I know you... It's a concern as to whether or not we will be able to decide this case at this time, but you've answered the question. Perhaps when your friend from the EEOC comes up, we can ask him the same question. Go ahead. Certainly, Your Honor. Just for the purposes of determining what an actual charge is, that's governed by a specific regulation, 29 CFR 1626.6. The specific regulation only requires very limited information, naming the potential respondent, identifying yourself, and exhibiting an intent to file the charge. That's what the actual regulation requires. And in the opinion, which is the difficulty from my understanding of the reasoning of the opinion, in the opinion of Judge Surik, which is identified on 9A of the appendix, at least the portion I want to address, Judge Surik actually says that the requirements appear to have been met. However, states that since the EEOC had issued a letter asking for questionnaires, that there was an affirmative obligation to wait until those questionnaires had been answered. The difficulty from our perspective is filing... Let's get definition of terms. You called the form on page 36A the questionnaire. I'm sorry. You say that was a questionnaire. And the Supreme Court argument talked a lot about questionnaire and what constitutes a charge thereafter. But the letter that your counsel... You were not counsel at the time. Was Mr. Coleman representing your client? Yes, Your Honor. However, I was an associate attorney in that office. And in answer to what you call the questionnaire, the EEOC made certain statements that would indicate that the questionnaire was not the charge. And you're prepared to respond to that. Absolutely, Your Honor. First of all, there's a whole line of jurisprudence on the issue throughout the circuits as to what constitutes a charge, as to what constitutes a questionnaire. Typically, when you're not... I'm sorry? I said absolutely. Typically, when a person wants to file a claim of discrimination, they'll actually go to the EEOC or they'll call the EEOC. And then the EEOC uses it as a tool to some questionnaires to see if there's actually a legitimate charge. Because typically it's complaints of harassment, things that will arise at the level of discrimination. They then sort that out and make a determination as to whether they'll actually take it to a formal level. And the EEOC will document a charge itself. However, employment attorneys and pro se plaintiffs who are experienced, or at least who are understanding of the rules, file an actual charge. And the only thing that's required of the regulations or under this circuit's precedent is to file any document, whether it's a letter or whether it's an actual charge form or anything, that manifests an intent to file an immediate charge. In this case, Your Honor, Mr. Hollander did not file a questionnaire. By no stretch did he file a questionnaire. That's what differentiates this case from any other case that's been addressed. Mr. Hollander filed a two-page document. He used the EEOC official charge form. It's entitled Charge of Discrimination. He fully filled it out, signed it under oath, which is all that is required with no notarization being necessary. He then attached a very detailed narrative of any information he could possibly possess, including exactly what he transpired. And he specifically entitled the charge EEOC Complaint of Morris Hollander. I'm referring to pages 36A and 37A of the appendix. Your Honor had mentioned some reference to a questionnaire. But in this case, it's our position it's not even a question. It's not a questionnaire. It's an actual charge. But you say that the questionnaire constitutes the charge? Your Honor, there is no questionnaire, Your Honor. There is only a charge that was filed. Mr. Hollander only filed a charge. He was never asked. He was never presented with a questionnaire to fill out. He filed an actual charge document. Pardon me. I thought that earlier on you referred to this as a questionnaire. I'm sorry, Your Honor. I'm referencing the correspondence. Whatever you call this, what we have as a record is certainly the letter on page 39A says that a potential charge, and then they said before the EEOC can formally docket this matter as a charge, you have to bring us certain information. And going back to whatever you want to call the form on page 36A, there is a box to be filled out by your client. I want this charge filed with both the EEOC and state. And that was not checked off. So what is your best argument that this was a charge? Your Honor, the best argument is the Third Circuit in Ravzak has specifically characterized a letter that is only a paragraph or a paragraph and a half saying just that I want to file a claim of discrimination as a charge. There was no magic wording required. There's nothing that specifically says I want to file a charge that's required. Under any jurisprudence that I've seen or under the circuit, it's the actual charge form. And just because he doesn't check a box because he doesn't want the claim filed with a state agency does not mean it's not an immediate charge. And as far as the narrative. Was both and also indicated on the top Pennsylvania Human Relations Commission. Is that right? Yes, Your Honor, in typed. Okay. One question is on the 57th day when you got the inquiry, why did your client never respond back to it? Your Honor, because he has the right under the statute. But why did he respond back to it? I mean, just as a courtesy. Your Honor, we sent the EEOC a copy of the federal lawsuit, which was dismissed after this appeal was pending. And they issued a right to sue. But that must have been sometime after the 57th day when the notification came in from the EEOC. Yes. Under the statute, under the ADEA, plaintiff has an automatic right after 60 days to initiate a lawsuit. But that doesn't really answer the question. You're saying what you did. The question is why didn't you do something else? Something else was responding to the EEOC. It was. A copy of the federal lawsuit was copied to the EEOC, for which they issued a right to sue letter at a later date. Following after the questionnaire came in, maybe you just answered this. Did you file the federal lawsuit? Do you know? The federal lawsuit was filed on November 14th, Your Honor, of 2005. And when was the questionnaire received? The questionnaire was received about three and a half weeks prior to that. Okay. The letter was sent out October 19th. Okay. You mentioned as you were going through the elements of a charge. My time has expired. One more question. You mentioned that this was filed under oath, which is all that's required for it to be charged. And I don't see any requirement. Maybe I'm missing something. Is there a requirement that the allegation that you're saying is a charge be made under oath? It's not in 1626.6. There is no requirement. He only needed to sign one place, but he signed both. Okay. So you misspoke when you said it had to be under oath. No, I was saying he signed under oath, Your Honor. He just didn't notarize it because that's not required. Okay. We'll just not communicate. Okay. I thought when you were going through what is a charge in the 1626, you mentioned it was in writing, and then you went on to add that this wasn't under oath. But may I take a brief second right now? You're 30 seconds beyond my time just to make one other point. Well, your time is up, and I get the feeling your point is not going to be responsive. So let me go to Ms. Starr. Thank you. May it please the Court, my name is Susan Starr. I represent the Equal Employment Opportunity Commission as amicus. Can I ask you a question of the opposite, if I may? I think she's going to respond to his question about that one case first. I apologize. You go first. Okay. In terms of the Holowacki case, that case is about an intake questionnaire. And whether or not that decision has an impact on this case certainly matters in terms of how that decision is written. There's a factual distinction. In this case, it was a charge. This was written on a Form 5, the prototypical form, the charge form. On the top of the form it says this is a charge of discrimination. Would you please repeat what you just said? What is a Form 5? A Form 5 is a charge of discrimination. The heading of the Form 5 is charge of discrimination. This is the prototypical. Is the form at 36A of the record of the Form 5? That is correct. Before the Supreme Court in Holowacki was an intake questionnaire, the court, which has not decided that case, an oral argument was concerned about the fact that on that questionnaire it says this is not a charge. That's factually distinguished from this. This is a charge. So you're saying in Holowacki all the persons subfest of a file, I'm sorry, was that intake questionnaire? That is correct. Whether or not that case has an impact on this case, there is an issue that is relevant, and that has to do with intent. Before we get into that, I have a transcript of the argument. This is Justice Scalia referring to regulations of the EEOC. These regulations that are contradicted by forms. This failure to give notice, but it's okay because it's a charge anyway. This whole situation can be traceable back to the agency. And I, whoever ends up bearing the burden of it, it's the agency's fault, and this scheme has to be revised. Your counsel then replied, the agency absolutely agrees with that. So do you agree that in view of the whole tenor of the argument, although the facts are different... I just put the rabbit in the head there, Judge Alderson. I love you dearly, but you said the full tenor of the argument. But all we heard, because I'm trying to, I don't know the case and I'm trying to go along with you here, but what we just heard wasn't the full tenor of the argument. We just heard an exchange between... The full tenor of the argument was what is and what is not a charge. And I think we're going to get some help from that decision. Do you agree with that? Your Honor, what Justice Scalia was frustrated by was the fact that having to do with the manifest intent of the complainant and whether or not that is a factor in determining what is a charge. Why do federal district judges have to inquire into manifest intent from now until doomsday? And then the other Justice Beyer said, I find the word most useful, manifest intent, but where are these sources in the various regulations that really bring this up? So it looks like there's a lot of work to be done. Okay, Your Honor, I want to say one thing and then I really want to address the heart of your point. The one point is manifest intent actually came out of this court. It came out of the Beeler versus Singer decision. It was Judge Becker's decision. But the bottom line is what you're saying is that the EEOC has a problem. The EEOC has its definition of what is a charge that you have to go to this document or that document. The EEOC is very aware of it. It is a problem. We absolutely acknowledge it. The Court of Appeals was absolutely correct to say that this is the problem with the commission. It's not the problem with an individual charging party. And so ultimately, in this case, the bottom line, the fundamental question is what do we do as a remedy? The district court had as a remedy to completely eviscerate the rights of the plaintiff and to take away their federal civil rights as a result of something that the EEOC did wrong. This court has made clear over and over again. Or did late. But let me ask you a question on the – there is a case, Schickels, from the Tenth Circuit. Yes. In which the EEOC, you came in front and center, filed an amicus brief, and the court rejected it. In your amicus brief, you didn't deal with that. Could you deal with that here? Absolutely. I thought we did cite it. But, Your Honor, that case was dismissed by the EEOC for failure to cooperate. This is about whether or not the – Hollander submitted a charge. It's a completely different issue. Actually, that regulation is – But Judge Ebel goes through and talks on a host of areas. Really, it's about – pretty darn close to this case. My suggestion for the future is, when you've got a case like that from another circuit, deal with it, put it in, and then tell us why it doesn't apply in any way you want. Absolutely. Your Honor, another point that was made in that case was that the overriding principle, which must guide the analysis of the application, is a common-sense standard. Perfect cooperation with the EEOC is not required. I'm quoting from the Schickels case. It is only when the plaintiff's non-cooperation prevents the EEOC's investigation and conclusion efforts that this kind of result could possibly be reasonable. That is completely different than what's going on, and I want to make a point here. But if you want to go your way, it would help if you give us the means to distinguish, at least from your view. I apologize, Your Honor, for that. I just want to say here that that letter said that Hollander had 33 days to respond. He filed suit less than 33 days. But after 60 days. So to even characterize this as a failure to cooperate, I think, is factually erroneous in this case. Thank you. Thank you, sir. I'm going to please the Court. Carey Fleer, Lundy, Fleer, Bell, Dacosan, Berger, and Narberth on behalf of the Apolee Mutual. Let me just start off with just sort of a 10,000-feet question. In one sense, there's a policy, you could say, that if you don't fully cooperate and give the EEOC a chance at the outset to investigate, to see if it wishes to bring a charge or to issue a right to sue letter or whatever, then you really haven't followed the system. That's the public policy from your point of view. Yes, sir. There's another policy, which is you've got a statute. Despite what the Shickles Court said, it isn't just like Title VII. It is different. It says that if you file a charge after 60 days, you can bring your own suit if the EEOC within 60 days hasn't come in. That's what happened here, one could argue. Which policy? Why is the first policy the better policy? It is the better policy. I'll answer you in two ways, Your Honor. It's a better policy because it obviously furthers the intent set forth in the statute and adopted by this court over 25 years that the EEOC is the agency primarily liable, primarily responsible to investigate these complaints of the thousands that come in every year to mediate and conciliate. That's an overarching intent of the statute. But when the EEOC is maybe swamped with cases, maybe doesn't have enough people, and falls on its sword and says, you know, there are times we don't get the job done, some online person doesn't get it done, we don't think that the victim should be the plaintiff who brings the lawsuit. What's wrong with that? I would answer, sir, by saying, bear in mind, that is not this case. He did file a charge, did he not? Well, it's called a charge. Let me ask you about that. Why isn't 620.6 the controlling thing here? We're talking about policy, but why doesn't that regulation give us the answer to the question? You just follow the statute. I'm sorry, sir? I was just backing up what he said. Why not just follow the statute? Because in determining whether the document filed by Mr. Hollander with the EEOC is a charge or not, this court doesn't write on a blank slate. The argument pressed here that a charge is a charge is a charge, and you just look at the regulation, was rejected by this court in the Beiler case 25 years ago. How do you understand Beiler? Hang on. The test in Beiler is, just so, just to tee up Judge McKee's question, the test in Beiler is notice must be of a kind which would convince a reasonable person that the grievance has manifested an intent to activate the act's machinery. And here he says, I am therefore filing the instant charge on behalf of all persons similarly situated. That is my question. Yeah, well, where I was, just to conclude. What court did he have to do to have a charge? I'll tell you how it helps you. I'm sorry. So just to conclude the point and jump into the answer, the position that Your Honor is questioning, why isn't the regulation the start and the end of it, was precisely the dissent in Beiler. The dissent said, we have a regulation. You only need three things, in writing, naming the respondent, and briefly alleging the discriminatory practice. Yes, but the President of the Third Circuit, which has been followed by a lot of other circuits, is the opinion of Judge Becker. Yes, exactly. And Judge Becker said that there needs to be something more than just meeting. The dissent said what they're advancing, that you only have to meet A, B, and C when you look at the regulation. This court in Beiler, and subsequently in the other cases, in Michelson, have gone past that to say that that's not enough. The cases from this court are replete with facts. The last in this circuit is manifest an intent to activate the machinery of resolving. Obviously, the EEOC responded to something that they believed was an intent to activate that machinery, because they said, hey, can we get some more information? Well, sir, I would take the opposite spin. I would take the precisely opposite view of what the— Let's be specific with it. They said we need this information before we can formally docket this matter as a charge. And then they said upon receipt of the completed questionnaire, we determine whether this should be formalized as a charge. And they call it a potential charge. Yeah. And they say that the case will be closed in 33 days unless there's a—the questionnaires are responded to, or that the claimant contacts the commission to provide further information and discuss. You're now going to have the EEOC standing before you front and center, not some second-hand party. Let me jump in here for a second. When we—I'm very much interested in this case. Obviously, all of us, all three of us are, because we think it is an important case. And when we look at this whole question of our opinion by Judge Becker in Ehler, with a very strong dissent by Judge Wise, the attorney for the EEOC had great difficulty answering the question put by Justice Breyer, where is this in the EEOC regulations or in the statute? Well, the answer was it isn't in any of it. It came from one paragraph, one statement in a Third Circuit decision. Your Honor, please, my—I'm sorry. Judge Ellis, are you done, sir, if I may respond? Yes, I am. My response would be, of course, that this Court's internal operating procedures places a great deal of respect on precedent. And one panel does not overrule the decision of a prior panel, even if the current panel believes it may have been wrongly decided. We don't say Beuler was wrongly decided. I would add that— Your Honor, I'm not indicating that this Court may overrule it, but I am suggesting that we can't make a decision in this case because perhaps the United States Supreme Court will have something to say about that. Sir, although it wasn't briefed, I did have the opportunity to look at the Holowecki case that Judge Aldister, you referred to just a moment ago, sir, and the transcript from the Supreme Court, which was very interesting. And there are similarities with Holowecki, and there are differences. The similarities are that neither Mutual here nor Federal Express there was put on timely notice on any notice of the claim. How can you say that? You've got a filed piece of paper. Whether or not it's filed, that depends on the agency. But he came in—he filled out a piece of paper that said charge on top of it that gave basically what the incident that gave rise to his allegation was, what the allegation was, who the defendant was, when it occurred. And maybe we're not sure what's— I'm sure what's— This is dissent in Byler. Even though it's a dissent in Byler, what he is saying a charge is composed of is exactly what we have here. So to the extent that the dissent may be different than Judge Becker's majority opinion in Beeler, it's exactly what we have here, and it's consistent with 626.6. I'm just thankful that that's the dissent, because after Beeler, they had this court's decision in Michelson. I mean, there have been a number of later cases by this court that have rejected the bare-bones 1626 requirement as a charge. And I think if I can get back to what the—to answer specifically your question, sir, because the EEOC—and I distinguish what Ms. Starr talks about now as an amicus from what they actually did in response. Because they did not accept it as a charge, there were ambiguities in the charge. It was called a complaint and not a charge. A complaint is entirely different. It talks about relief not for himself but on behalf of all others similarly situated. It looks like some precursor to a class case. It's a bare-bone, not even a page. Because they did not treat it as a charge, Judge McKee, they did not at the time send it to my client. They didn't send it to Mutual. So they had no early notice of the claim. They had no opportunity for conciliation, which is a key intent of the act, and which Judge Oldisert, you'll see, as Judge Oldisert had commented, runs a recurrent theme for the Supreme Court argument. Before dumping these cases, the thousands that arise every year at the doorstep of the federal court, they're supposed to go through the commission so they can investigate and consolidate. If you're right in what you're saying about the equity to your client because of what the agency did, is there appropriate remedy for that then to bounce the complaint that was filed by the plaintiff here? It is here, sir, because of several other very unusual reasons that don't come up in Byler and don't come up in the Holowecki case, which is neglect on the part of the claimant. And that really here is very key. What we have here that's so different from the prior cases is we do have a claim filed with the commission. And what he neglected to do was what? Three days before the time ran out which he could file, he was given a letter from October 19 by the EEOC. Was that his neglect that took 57 days? The EEOC has 60 days. Well, I would start at the beginning if I may, sir, which is to say part of his neglect was filing an ambiguous document. He calls it a complaint in two places. The only place it's called a charge talks about this class action language. It's very bare bone. So it starts there. Then in response to that, he gets a very pointed letter from the commission, which they don't deny that they received it, stating specifically that they don't consider it to be a charge, asking for specific information within 33 days. He could have furnished it within three days if he had chosen. You have a representative, a claimant, not a pro se litigant like in some of the cases. You have an experienced filer here that Mr. Holder had filed with the EEOC and filed discrimination cases in the past. I get in this letter completely ignored by Mr. Holder and his lawyer, and what I find very interesting here and I think speaks a volume, entirely unexplained through the entire process of the court below and up through this appeal, the failure to respond in any way to the commission's legitimate request for more information so that they can decide if this ambiguous filing should indeed be documented as a charge was ignored and never explained to this day. So as a result, we had no notice to mutual. We had no opportunity to conciliate, which is a key intent of the act. And Mr. Holder, candidly, and counsel, they really have no one to blame. They can't dump this at the feet of the EEOC. The EEOC didn't do anything wrong. What do we do if you're right? What do we do about the regulation? Because it seems to me if you're right and it charges what you say it is and it has to factor in all these other considerations to allow for some kind of reconciliation of the complaint, how do we reach your result without, and I don't want to use the term judicial legislating, legislating to the bench, but isn't that tantamount to amending 1626.6 to get to where you want it to go in terms of what it charges? Well, no, because, well, to be clear, Your Honor, obviously I agree 1626 says what it says. I can't back away from that. I can only say that in the 25 years since this court has considered whether 1626 is enough to constitute a charge, this court has repeatedly said no. And the other courts that have been able to look at it, Diaz and Stephan, the other ones that we've cited, have said no. It's not just whether those three bare bone things are there, but they get back to Judge Becker's majority opinion that talks about the intent to activate the act's machinery, and then they look at what was filed, communication between the EEOC and the claimant, and the response to it. So I think here you have a confluence of unusual events, and I do understand the court's interest and concern. It is a remedial statute after all. I do understand that. But here is such an unusual confluence of facts, frankly bad facts for the plaintiff in our view, that come together that require the affirmance of the case, from the charge to the cavalier handling of the inquiry to the fact that it's a representative plaintiff, an experienced filer, and so on. I think that Judge Sirak was entirely correct in saying, you know, it does on the face appear to meet the regulation, but this court and all the other courts that have appealed to have looked at it has said that there's something more, and that more is the reasonable person test. And I don't think it's unreasonable. With due respect for what the Commission is now arguing as an amicus, it certainly would not be unreasonable for an agency official looking at this conflicting and ambiguous complaint to say, I'm not sure what he wants. He's not asking for reinstatement or the job. He's not asking for back pay. The remedy is entirely...